GREENBERG TAURIG, LLP
KARIN L. BOHMHOLDT (SBN 234929)
SHELLEE E. LINDSTEDT (SBN 307945)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email:  bohmholdtk@gtlaw.com
        lindstedts@gtlaw.com

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., a national banking association<br><br>Plaintiff,<br><br>v.<br><br>YANWEI YE, an individual; FIRST CLASS TIMEPIECES, INC., a New York corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO. 2:20-cv-9335<br><br>**JPMORGAN CHASE BANK, N.A.'s COMPLAINT FOR INTERPLEADER UNDER 28 U.S.C. § 1335 AND FED. R. CIV. P. 22** |

JPMORGAN CHASE BANK'S COMPLAINT FOR INTERPLEADER

ACTIVE 52711239v1

JPMorgan Chase Bank, N.A. ("Interpleader Plaintiff" or "Chase"), pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22, hereby brings this Complaint for Interpleader against Defendants Yanwei Ye ("Ye") and First Class Timepieces, Inc. ("First Class"), and alleges as follows:

## Nature of the Action

1. In this action, Chase seeks to interplead funds as outlined below, pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22. Specifically, Chase seeks to interplead funds to which Defendants have, or are expected to have, competing claims, and to be relieved and discharged from any liability to Defendants and to have any actions affecting the funds be restrained until this Court can make a judicial determination as to the validity of Defendants' competing claims.

2. Chase maintains accounts of Defendants. On April 17, 2020, there was a $180,000.00 wire transfer from Ye's Chase account into First Class's Chase account located in New York (the "Funds"). Ye has demanded that Chase return the Funds to his account.

3. First Class is the accountholder for the Chase account that received the Funds, and First Class has demanded that Chase release to funds to its account.

4. Chase claims no interest whatsoever in the Funds.

5. Chase believes that Defendants' claims are conflicting, thereby subjecting Chase to potential double or multiple liability. As such, this Complaint for Interpleader, pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22, is proper.

6. By this Complaint for Interpleader, Chase seeks an order permitting it to turn over the Funds to this Court, or otherwise dispose of the Funds as directed by this Court, and discharge Chase from liability relating to the Funds. Chase further seeks an order restraining Defendants from instituting or prosecuting any claims against Chase that relate to the Funds.

## The Parties

7. Chase is a national banking association with its main office, as designated by its articles of association, in Columbus, Ohio.

8. Chase is informed and believes and based thereon alleges that Ye is an individual residing in Los Angeles County, California.

9. Chase is informed and believes and based thereon alleges that First Class is a New York corporation with its principal place of business located in New York, New York.

10. Defendants Does 1 through 10, inclusive, are sued herein by fictitious names. Their true names and capacities are unknown to Chase. When their true names and capacities are ascertained, Chase will amend this Complaint for Interpleader by inserting their true names and capacities herein. Chase is informed and believes and thereon alleges that each of these fictitiously named Defendants is claiming or will claim from Chase the entire or some portion of the funds at issue.

## Jurisdiction and Venue

11. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 and 1335 and Fed. R. Civ. P. 22.

12. This Court has personal jurisdiction over Defendants pursuant to 28 U.S.C. § 2361.

13. Venue is proper in this District under 28 U.S.C. §§ 1397 and 1391 because one or more of the claimants resides in this District and because a substantial part of the events giving rise to the claim occurred in this District.

## Factual Background

14. The Funds that are the subject of this interpleader action, and over which Defendants claim or may claim competing interests, consists of $180,000.00 currently being held by Chase in light of Defendants' competing claims.

15. The Funds were sent via wire transfer from Ye's account ending in 5093 to First Class's account ending in 1089 on April 17, 2020. Ye has disputed the wire transfer

with Chase, claiming that it was unauthorized and has demanded that Chase return the Funds to him.

16. First Class has also asserted a claim to the Funds. First Class has informed Chase that Ye's wire transfer was for the purchase of a high-end timepiece, which was allegedly shipped to California by First Class. Thus, First Class claims it is rightfully entitled to the funds and has demanded that Chase release the Funds into its business account.

17. Chase claims no interest in the Funds.

18. Chase has determined that there currently exist, or that there will exist, multiple adverse claims as to the entitlement to the Funds.

19. Because Chase is unable to determine the validity of these actual or potential adverse claims to the Funds, and fears exposure to multiple liability should it do so, Chase seeks a judicial determination of the validity of Defendants' actual or potential claims to the Funds and an order that relieves and discharges Chase from any further liability with regards to the Funds.

## FIRST CAUSE OF ACTION
## (Interpleader)

20. Chase incorporates by reference the preceding paragraphs, as though set forth in full herein.

21. The actual and potential claims by Defendants to the Funds currently held by Chase are adverse and conflicting and are made without Chase's collusion.

22. As of the filing of this Complaint for Interpleader, Chase understands that Ye claims that the Funds belong to him.

23. As of the filing of this Complaint for Interpleader, First Class also demanded claims that the Funds belong to it.

24. Chase is unaware of the names or identities of Defendants Does 1 through 10, but fears additional potential claims to the Funds.

25. Thus, as required by 28 U.S.C. § 1335 and Fed. R. Civ. P. 22, the Defendants have, or will, assert conflicting claims to the Funds at issue.

26. Chase is an innocent stakeholder and claims no title to or interest in the Funds.

27. Chase is unable to determine which of the actual and potential claims is valid or to whom the funds should rightfully be delivered and cannot remit the Funds without exposing itself to double or multiply liability.

28. Therefore, in order to prevent a multiplicity of judicial proceedings, Chase brings this Complaint for Interpleader to have this Court determine the validity of the respective actual and potential claims by Defendants to the Funds.

29. Chase is ready and willing to deliver the Funds to the party who is legally entitled to receive them and brings this Complaint for Interpleader to have the matter determined as a matter of law. At the time this Complaint for Interpleader is filed, Chase will deposit the Funds, totaling $180,000.00, less any applicable wire or other fees, with the clerk of the Court.

WHEREFORE, Chase prays for judgment against Defendants, and each of them, as follows:

1. That Defendants be ordered to interplead and litigate their respective rights to the interpleaded funds deposited with this Court;

2. That Chase be discharged from any and all liability on account of the claims of each Defendant with respect to the interpleaded funds deposited with this Court;

3. That Defendants be restrained from instituting or prosecuting any action against Chase relating to the subject matter of this interpleader;

4. For attorneys' fees incurred in bringing this Complaint for Interpleader; and

5. For such other and further relief as the Court may deem proper.

Respectfully submitted,

Dated: October 9, 2020

GREENBERG TRAURIG, LLP

By: */s/ Karin L. Bohmholdt*
Karin L. Bohmholdt
Attorneys for Defendant
JPMorgan Chase Bank, N.A.